Dear Sheriff Norman:
You requested an opinion of this office on whether the volunteer fire department rescue unit of Red River Parish may charge insurance companies of individuals involved in traffic accidents, where the rescue unit is called to the scene. You advise that the fire department consists entirely of volunteer firemen who are not paid for their services, but that the department's equipment was paid through parish funds and/or grants that the fire department receives. During a telephone conference, you further clarified that the fire department, and not the volunteer firemen, would receive the payments of the charges to insurance companies under consideration.
The issue you raise is not directly addressed in the statutes or case law, as no specific authorization of or prohibition against charges for rescue operations can be found. However, in a few instances, fire departments are expressly authorized by statute to charge for their services under very specific circumstances, suggesting that no such charges are allowed unless specifically and expressly authorized. For instance, where the fire department incurs extraordinary expenses in clean-up or fire-fighting operations associated with the discharge of hazardous or non-hazardous material, La. R.S. 33:1974 authorizes a local fire department to charge any person causing or contributing to such discharge. In pertinent part, that statute provides as follows:
 A. Any fire department of a parish, municipality, or fire protection district, and any volunteer fire department shall have the authority to charge any person causing or contributing to a discharge of a hazardous or non-hazardous material or substance the extraordinary expenses associated with the following:
 1. Undertaking any remedial actions necessary to contain, abate, clean up, restore, or remove the discharge.
 2. Fighting a fire if such extraordinary expenses were incurred due to the presence of the material or substance which has been discharged.
 B. The governing authority of any fire department of a parish, municipality, or fire protection district, and any volunteer fire department may charge an owner of immovable property onto or into which a hazardous or nonhazardous material or substance has been discharged the extraordinary expenses associated with the following if the property owner's negligence in complying with applicable laws, regulations, and fire codes with respect to the material or substance which has been discharged was a cause in fact of such expenses:
 1. Undertaking any remedial actions necessary to contain, abate, clean up, restore, or remove the discharge.
 2. Fighting a fire if such extraordinary expenses were incurred due to the presence of the material or substance which has been discharged.
 C. Any fire department assessing charges for its costs for actions taken as provided in this Section shall submit an itemized invoice with corresponding receipts, and an explanation of each item or service for which reimbursement is requested, including an explanation of the extraordinary nature of the costs incurred. However, costs for equipment, supplies, or other items or services which tend to create a normal operating budget for the department or that supplement the department's existing budget beyond actual allowable costs for actions taken as provided in this Section shall not be allowed. [Emphasis added.]
Similarly, La. R.S. 30:2015 provides for reimbursements to local political subdivisions or volunteer fire departments under narrowly tailored circumstances. La. R.S. 30:2015(D) provides as follows:
 D. The monies in the Environmental Trust Fund shall be used for the following purposes:
 8. To make reimbursements to local political subdivisions or volunteer fire departments which incurred expenses in performing services approved by the secretary in response to a declared emergency.
In the absence of a legislative grant of general authority to fire departments to charge for their services or to claim reimbursements, and given the few instances of highly specific authorization, it is our opinion that the Red River Parish volunteer fire department rescue unit may not charge the insurer of individuals involved in traffic accidents, where the rescue unit is called to the scene. The legislature could have provided for such authority, but chose not to. The above conclusion is supported by the highlighted provisions of La. R.S. 33:1974(C) quoted above, which suggests that a fire department's budget is deemed to include ordinary expenses, presumably including routine rescue operations. Needless to say, under specific circumstances (such as the incurrence of extraordinary expenses associated with clean-up operations involving the discharge of material), the fire department may find specific statutory authorization for charges or reimbursement under particular statutes such as those referenced above.
Very truly yours,
 CHARLES C. FOTI, JR Attorney General
 By: ___________________________ Uma M. Subramanian Assistant Attorney General